UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re  
Brian J. Johnson,  
      Debtor.

Chapter 13  
Case No. 12-24085-svk

MEMORANDUM DECISION ON MOTION FOR RELIEF FROM STAY,
ABANDONMENT AND OTHER RELIEF

        This case features an unusual request by the successor personal representative for the Debtor's deceased mother's estate for relief from stay, abandonment and an extension of the dischargeability complaint deadlines. The Court finds no statutory or other basis for granting the personal representative's motion, and it will be denied.

### 1. Statement of Facts

        Pamela J. Johnson died on January 27, 2009. Her son Brian J. Johnson (the "Debtor") is her sole heir. Pamela died without a will, and the Debtor was named personal representative of her estate. Pamela owned real estate located at 6560 N. 53rd Street, Milwaukee, Wisconsin (the "Property").

        On March 19, 2010, the Debtor, as personal representative, distributed the Property to himself. The estate's attorney prepared a Personal Representative's Deed and a "Transfer of Interest in Property," for the Debtor to sign. The attorney filed these signed documents in the probate case on March 24, 2010. On March 26, 2010, the deed was recorded with the Milwaukee County Register of Deeds.

        Joseph Bacher held a mortgage on the Property with a balance of approximately $25,000. On February 8, 2011, the mortgage holders (Joseph Bacher's heirs) started foreclosure proceedings against the Property. According to the Circuit Court's docket in the foreclosure

case, the Debtor sought several sources of financing to repay the mortgage. (This Court may take judicial notice of the state court record. Fed. R. Evid. 201. *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012)). When these efforts were unsuccessful, a judgment of foreclosure with a six-month redemption period was entered on August 15, 2011. A sheriff's sale was scheduled for April 2, 2012.

Meanwhile, back in the probate case, the Debtor was served with multiple orders to show cause as to why the estate had not been closed. In September 2011, the Debtor's attorney advised the probate registrar that the Debtor was seeking financing to pay off the claims. In addition to the Bacher mortgage, the claims consisted of a judgment in the amount of $4,976.80 in favor of American Family Insurance Company ("American Family") and unsecured claims by the City of Milwaukee ($20,763), Robert Rondini ($525), Bruce Stevens ($700), and Ameripath ($367). The estate's attorneys, Affiliated Attorneys, later filed an administrative claim for $2,310.

In order to stop the foreclosure sale, on March 31, 2012, the Debtor filed a Chapter 13 petition. He listed the Property as his homestead, subject to the Bacher mortgage and the American Family judgment. On his original schedule of unsecured creditors, the Debtor listed Affiliated Attorneys, and on June 15, 2012, the Debtor amended his list of unsecured creditors to include the other creditors who had filed unsecured claims against the probate estate. The Debtor's attorney notified these creditors of the Debtor's Chapter 13 petition, along with the deadlines for filing claims and objections to the dischargeability of debts.

On August 8, 2012, after no objections were filed and after determining that applicable requirements were met under the Bankruptcy Code, the Court confirmed the Debtor's Chapter 13 plan. The Plan proposes to pay the Bacher mortgage and American Family judgment in full and

2

provides a dividend of 3% to general unsecured creditors.  The holders of the Bacher mortgage filed a proof of claim on April 19, 2012.  The Debtor filed proofs of claim on September 12, 2012 on behalf of American Family and all the other creditors of the probate estate.  (Filing a proof of claim is necessary for creditors to share in Chapter 13 distributions, and it is appropriate for a debtor to file claims on behalf of creditors who fail to do so.  Fed. R. Bankr. P. 3004).

The probate registrar issued additional show cause orders, and the Debtor and the estate's attorney continued to report that they were working on paying the claims.  (Attorney Hall became the estate's attorney in June 2011.)  Finally, at a hearing on May 14, 2013, the attorney represented that the Debtor had stopped communicating.  As a result, the Debtor was removed as personal representative.  On May 22, 2013, Attorney James E. Collis ("Movant") was appointed as successor personal representative.  On January 9, 2014, Movant filed the instant motion for relief from stay, abandonment and other relief.

## 2. Analysis

Relief from stay may be granted for cause, including lack of adequate protection.  11 U.S.C. § 362(d)(1).  Courts in the Seventh Circuit apply a balancing test to determine whether cause exists to modify the stay to permit a civil action involving the debtor to proceed, asking: (1) will prejudice to either the bankruptcy estate or the debtor result from continuation of the civil suit; (2) does the hardship to the non-debtor party by maintaining the stay considerably outweigh the hardship of the debtor; and (3) does the non-debtor have a probability of prevailing on the merits.  *In re Fernstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir. 1991)   In this case, balancing the factors favors the Debtor.

Movant states that he "desires to commence action in State Court to impose a constructive trust on the [Property], to recover the fraudulent conveyance under Chapter 242 of

3

the Wisconsin Statutes and for other relief." He has not addressed the *Fernstrom* factors or discussed the balancing of the hardship between the Debtor and the probate estate. If the stay is lifted, it appears that the Debtor and the bankruptcy estate would suffer more prejudice than Movant. The Debtor would lose his home, and the creditors would experience either a delay in payment or nonpayment of their claims.

Moreover, it is highly unlikely that Movant would succeed on the merits of his claims. First, nothing in Wisconsin's Uniform Fraudulent Transfer Act (Wis. Stat. Chapter 242) is implicated by the Debtor's distribution of the Property to himself as the sole heir of his mother's estate. Movant takes great issue with the fact that the Debtor's bankruptcy filings did not disclose the 2010 transfer of the Property from the probate estate. But the transfer was fully disclosed in the probate case, and no objection or concern was raised there. The Bankruptcy Code does not require disclosure of how the Debtor acquired his homestead. The Debtor did disclose his interest in the probate estate in his bankruptcy schedules and statement of financial affairs, and he notified the estate's creditors of his Chapter 13 filing. In short, there is no evidence of a fraudulent transfer as defined by the Wisconsin statutes, and Movant would not prevail if he brought such a claim against the Debtor.

Movant also seeks to file a suit to impose a constructive trust, but the constructive trust cases he cites have no application here. "A constructive trust is an equitable remedy and may be imposed to prevent unjust enrichment arising when one party receives a benefit the retention of which would be unjust as against the other." *Connecticut General Life Ins. Co. v. Merkel*, 90 Wis. 2d 126, 130, 279 N.W.2d 715 (Ct. App. 1979). Movant relies on *In re Estate of Scheibe*, 30 Wis. 2d 116, 140 N.W.2d 196 (1966), in which an executor sold property to his sister for half its value without offering it to the public, engaging a real estate broker or advertising it for sale.

Two beneficiaries objected, but the trial court approved the sale.  The Wisconsin Supreme Court reversed, finding that the executor "failed in his trust" because he did not "act in a prudent and businesslike manner with a view to obtaining as large a price as he might[.]"  *Id*. at 121-22.  Notably, the court did not direct the imposition of a constructive trust on the property.  Rather, the case was remanded for the trial court's decision on whether the executor should be surcharged or a suit started to set aside the sale.  This case is different.  The Debtor is the sole beneficiary of the estate, and the estate's attorney drafted the Transfer of Interest in Property and the deed which distributed the Property to the Debtor.  Subsequently, the Property went into foreclosure, and the Debtor sought financing.  When his efforts failed, the Debtor filed a Chapter 13 petition to stop the foreclosure.  The Debtor's Chapter 13 has been successful.   The mortgage holders filed a claim for about $26,000, and, as of February 4, 2014, the Debtor has paid them over $16,250.  Through the Plan, the Debtor has also paid over $4,000 on American Family's claim of $5,824.  Despite notice, none of the estate's creditors has objected or raised any issue in this Chapter 13 case.

     Movant fails to consider the remedies in Chapter 865 of the Wisconsin Statutes.  Section 865.17 provides that, after assets of an estate have been distributed, and subject to § 865.19, an undischarged claim may be prosecuted in a proceeding against a distributee of property.  Section 865.19 provides a statute of limitations for such an action which is the later of three years after the decedent's death or one year after the time of distribution.  In this case, the three-year period is longer and expired on January 27, 2012, before the Debtor filed bankruptcy.  Although the statute of limitations does not apply to cases of fraud, "Such fraud may consist of a suppression or misrepresentation of facts, the offering for probate of the will of a known incompetent, or misrepresentations to interested persons to induce them not to contest the will, and thus to take

5

from the court the benefit of their testimony as to the competency of the testator or the fact of undue influence." *In re Estate of Kennedy*, 74 Wis. 2d 413, 419, 247 N.W.2d 75 (1976) (internal quotations and citations omitted). As noted, the transfer of the Property to the Debtor was fully disclosed in the probate case, and the fraud exception appears not to apply.

Since Chapter 865 contains express remedies for unpaid creditors to pursue distributees of a probate estate, arguably the equitable remedy of constructive trust is inapplicable here. Even assuming a constructive trust remedy is appropriate, the state court would have to recognize that when the Debtor received the Property, it was encumbered by a mortgage, judgment and real estate taxes. The mortgage went into foreclosure and, after exhausting other methods of refinancing, the Debtor filed Chapter 13 and has repaid over $20,000 to the mortgage holders and American Family. Any equitable action would have to consider the value and status of the Property when the Debtor received it and the Debtor's satisfaction of the mortgage and judgment claims on the Property. Under these circumstances, this Court is highly skeptical that a constructive trust would be imposed.

The Court has reviewed the authorities cited by Movant as grounds for his motion, and none of them are on point. The Debtor is the sole beneficiary of his mother's will and was also the personal representative. With the advice of the estate's attorney and fully disclosing the transaction in the probate case, he transferred the Property to his name. He then filed a Chapter 13 case to stop a mortgage foreclosure when his efforts at refinancing failed. The Debtor has successfully paid down considerable amounts to the probate estate's secured creditors, and distributions also will be made to the unsecured creditors.

Apparently Movant wants to return to state court to hold the Debtor personally liable for non-payment of the probate claims and professional fees. In paragraph 16 of the motion, Movant

6

states he "believes the Debtor breached his fiduciary duty to the Estate of Pamela J. Johnson by failure to provide for payment of the claimants of the Probate Estate including administrative costs, the fees and expenses of the Personal Representatives and the fees and expenses of the within Motion." First, the Debtor *has* provided for payment of the claims of the probate estate. He successfully saved the Property from foreclosure, and is well on his way to paying in full the claims secured by the Property. The alternative – allowing the Property to be sold at foreclosure – would have produced no benefit to any claimant other than the mortgage holders. The Debtor's Chapter 13 Plan provides a dividend to the unsecured creditors of the probate estate, and the Debtor filed claims on their behalf to ensure that they received a distribution. Granted, the dividend is only 3%. The dischargeability of the unpaid balance owed to those creditors is not before the Court. Arguably, assuming the Debtor completes the Plan, these claims are dischargeable under 11 U.S.C. § 1328(a).

Movant alleges a breach of duty by the Debtor's failure to pay the fees and expenses of the "Personal Representatives." By raising a concern about the fees incurred when the Debtor was personal representative, does Movant concede the propriety of the attorneys' fees for drafting the deed and the Transfer of Interest in Property form? If these documents created the breach of fiduciary duty, how can failure to pay the attorney who drafted them breach the Debtor's fiduciary duty? The Debtor provided for payment of the estate's former attorneys by filing a claim on behalf of Affiliated Attorneys, and that claim will share in the distribution under the Chapter 13 plan.

That leaves Movant's own fees and expenses, including "the fees and expenses of the within Motion." It simply defies logic that the Debtor could breach his fiduciary duty as the former personal representative of his mother's estate by failing to pay Movant's fees and

7

expenses to file his motion for relief from the stay.  In fact, granting this motion seemingly would provide even less of a dividend to the creditors of the probate estate.  The Property presumably would return to foreclosure, with the likelihood that only the outstanding real estate taxes and mortgage would be satisfied.  The Court previously has addressed that the transfer of the Property does not constitute a fraudulent conveyance and that the equitable remedy of a constructive trust appears inappropriate.  Such actions would probably cost more in attorneys' fees to pursue than they possibly could yield.  The Debtor should not be saddled with the fees and expenses for Movant's pursuit of this motion.

The motion seeks abandonment of the Property from the bankruptcy estate.  Section 554 of the Bankruptcy Code permits abandonment when property is burdensome to the estate or of inconsequential value and benefit to the estate.  Movant fails to explain how the Property, which is the Debtor's homestead, is burdensome or of inconsequential value.  The Debtor needs a place to live, and the Debtor has paid thousands of dollars to the creditors with liens on the Property.  Movant's request for abandonment appears to be grounded in the fact that the Debtor distributed the Property to himself without paying the probate claims.  First, this is not grounds for abandonment and second, the Debtor is attempting to pay the claims through his Chapter 13 Plan.

Finally, the motion seeks an extension of the deadline for filing nondischargeability complaints against the Debtor based on his alleged fraud and defalcation in a fiduciary capacity.  This request demonstrates a lack of comprehension of procedural and substantive bankruptcy law.  The deadline to file a complaint expired on July 16, 2012.  The probate estate claimants were notified of the deadline on June 15, 2012, fully 30 days before the deadline expired, and they took no action.  (If they needed more time to decide whether to file a complaint, the probate

claimants certainly could have requested it before the deadline.)  The deadline to file

dischargeability complaints is strictly enforced against creditors with notice of the deadline.  *See,

e.g., United Cmty. Bank v. Harper (In re Harper)*, 489 B.R. 251, 260 (Bankr. N.D. Ga. 2013)

(complaint dismissed when filed two minutes after the deadline).

Even if the time to file a complaint had not expired, the Supreme Court decided in

*Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1760 (2013), that defalcation for purposes of

11 U.S.C. § 523(a)(4) means "a *gross deviation* from the standard of conduct that a law-abiding

person would observe in the actor's situation." (emphasis in original, internal citations and

quotations omitted).  Here, the Debtor, with the advice of counsel and full disclosure in the

probate case, transferred the Property to himself as sole heir of his mother's estate.  These

actions do not rise to the level of intentional misconduct necessary for a discharge exception.

### 3.  Conclusion

This motion seeks relief from the automatic stay to file state court actions against the

Debtor.  The Movant has not explained how the hardship to the probate estate outweighs the

prejudice to the Debtor and the bankruptcy estate, if the motion is not granted.  The Debtor has

argued that he will lose his home and that his creditors (except for the mortgage and real estate

taxes) will not be paid.  Accordingly, balancing the harms favors the Debtor.  Moreover, the

fraudulent transfer and constructive trust actions that Movant seeks to pursue lack merit.  Movant

has failed to address the applicable provisions of Wisconsin law that allow unpaid creditors to

pursue distributees of estates (perhaps because the statute of limitations has expired), nor has

Movant addressed why the probate estate could not be closed given the Debtor's provision in his

Chapter 13 plan for the payment of the estate's creditors.

9

claimants certainly could have requested it before the deadline.)  The deadline to file

dischargeability complaints is strictly enforced against creditors with notice of the deadline.  *See,
e.g., United Cmty. Bank v. Harper (In re Harper)*, 489 B.R. 251, 260 (Bankr. N.D. Ga. 2013)

(complaint dismissed when filed two minutes after the deadline).

Even if the time to file a complaint had not expired, the Supreme Court decided in

*Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1760 (2013), that defalcation for purposes of

11 U.S.C. § 523(a)(4) means "a *gross deviation* from the standard of conduct that a law-abiding

person would observe in the actor's situation." (emphasis in original, internal citations and

quotations omitted).  Here, the Debtor, with the advice of counsel and full disclosure in the

probate case, transferred the Property to himself as sole heir of his mother's estate.  These

actions do not rise to the level of intentional misconduct necessary for a discharge exception.

### 3.  Conclusion

This motion seeks relief from the automatic stay to file state court actions against the

Debtor.  The Movant has not explained how the hardship to the probate estate outweighs the

prejudice to the Debtor and the bankruptcy estate, if the motion is not granted.  The Debtor has

argued that he will lose his home and that his creditors (except for the mortgage and real estate

taxes) will not be paid.  Accordingly, balancing the harms favors the Debtor.  Moreover, the

fraudulent transfer and constructive trust actions that Movant seeks to pursue lack merit.  Movant

has failed to address the applicable provisions of Wisconsin law that allow unpaid creditors to

pursue distributees of estates (perhaps because the statute of limitations has expired), nor has

Movant addressed why the probate estate could not be closed given the Debtor's provision in his

Chapter 13 plan for the payment of the estate's creditors.

9

The motion also asks for abandonment of the Property from the bankruptcy estate. That relief is not appropriate because the Property is neither of inconsequential value nor burdensome to the Debtor's bankruptcy estate.

Finally the motion seeks an Order extending the time for the probate estate to object to the dischargeability of debts owed to creditors of the probate estate. Those creditors had sufficient notice of the deadline to object to the discharge of their debts, and they did not file objections. Moreover, there are no grounds for a discharge objection based on the Debtor's alleged defalcation in a fiduciary capacity.

A separate order will be issued denying the motion.

Dated: April 7, 2014

By the Court:

/s/ Susan Kelley
Susan V. Kelley
U.S. Bankruptcy Judge